Spectrum Inc. Gen. Contr. v Capital One Bank USA, N.A. (2025 NY Slip Op 01725)

Spectrum Inc. Gen. Contr. v Capital One Bank USA, N.A.

2025 NY Slip Op 01725

Decided on March 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 20, 2025

Before: Manzanet-Daniels, J.P., Kern, Kapnick, González, Scarpulla, JJ. 

Index No. 653799/23|Appeal No. 3953|Case No. 2024-03880|

[*1]Spectrum Inc. General Contracting, Plaintiff-Respondent,
v
Capital One Bank USA, N.A., Defendant-Appellant.

Troutman Pepper Locke, LLP, Richmond, VA (Jonathan S. Hubbard of the bar of the State of Virginia, admitted pro hac vice, of counsel), for appellant.
Barton LLP, New York (Kenneth N. Rashbaum of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered May 16, 2024, which denied defendant Capital One Bank USA's motion to dismiss the second and fourth causes of action in the amended complaint, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
The second cause of action failed to adequately allege a violation of UCC 4-A-207, which governs liability between banks and their customers when a "misdescription" of the beneficiary exists in the "originator's" or requesting customer's payment order. As defendant notes, the amended complaint alleged a pattern of embezzlement, not any misdescriptions.
The fourth cause of action, for breach of contract, is time-barred. Section 8(c) of the General Provisions governing the parties' agreement states that any action to enforce the agreement's terms "must be commenced within one (1) year from the date that the event giving rise" to the action occurs. Plaintiff commenced this action after the deadline set in Section 8(c). We also hold that Section 8(c)'s time limitation does not conflict with the waiver clause found in Section 23 of the General Provisions.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 20, 2025